Cross,. J., delivered the opinion of the court- The only question presented by the record is one of jurisdiction. Collins, the appellee, brought suit against Hempstead before a justice of the peace on an account, consisting of various items both of debits and credits; the former amounting to two hundred and sixty dollars, seventy-nine cents, the latter, to one hundred and ninety-six dollars, eighty-five cents, and showing a balance of sixty-three dollars and ninety-four cents in favor of Collins. The account appears to have been filed in due time, and on the trial of the cause the justice gave judgment against Hempstead for $63 79, the balance claimed'to be due on the account. An appeal was thereupon prayed and taken to the circuit court, and the cause there defended upon the ground that the amount in controversy exceeded the jurisdiction of a justice of the peace. A judgment notwithstanding was rendered against Hempstead, which he now seeks to reverse on the same ground. Under our State constitution, it is expressly provided that Jus-dices of the Peace “shall have individually, or two or more of them jointly, exclusive original jurisdiction in all matters of contract, except in actions of covenant, where the sum in controversy is of one hundred dollars and under.” See Const. sec 15 of Art. 6. The sum in controversy, upon which the question of jurisdiction must turn in the present case, was clearly, we think, $63 79. Collins neither exhibited or claimed anything beyond it with that view, and the idea of controversy on the part of Hempstead in relation to an aggregate credit on the account of $196 85 would be unreasonable, if not absurd. Be this as it may, however, it nowhere appears that he did controvert it, and this would have been necessary in our estimation, according to the principle heretofore recognized by this court, first, in the case of Heilman vs. Martin, 2 Ark. Rep. 158, and again in Dillard vs. Noel, id. 449. We are therefore of the opinion that the judgment of the cir-tcuit court must be affirmed with costs.